14-2408-cv
*Biernacki v. United States of America*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
DENNY CHIN,
  *Circuit Judges.*

---

HALINA BIERNACKI, Individually and as Executrix of the Estate of David Street,

  *Plaintiff-Appellant,*   No. 14-2408-cv

v.

UNITED STATES OF AMERICA,

  *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:** Halina Biernacki, *pro se*, Depew, NY.

**FOR DEFENDANT-APPELLEE:** Michael S. Cerrone, Joseph J. Karaszewski, Assistant United States Attorneys, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (H. Kenneth Schroeder, Jr., *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Halina Biernacki sued defendant-appellee, the United States of America, for medical malpractice under the Federal Tort Claims Act. She alleged that her husband, David Street, received inadequate medical treatment from the Buffalo, New York VA Medical Center following his ingestion of fresh spinach purportedly contaminated with the O157:H7 strain of E. coli. On March 6, 2014, the District Court granted summary judgment in favor of the United States, on the grounds that laboratory tests and the testimony of the Government's expert had established that Street was not in fact infected with this strain of E coli. Accordingly, Biernacki could not establish that the hospital's alleged negligence proximately caused Street's death. Biernacki, proceeding *pro se*, now appeals the District Court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Upon our *de novo* review, we conclude that the District Court correctly granted summary judgment to the United States. We therefore affirm substantially for the reasons stated by the District Court in its March 6, 2014 decision and order.[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties below consented to the assignment of this case to Magistrate Judge Schroeder for all purposes, including the entry of final judgment.

[2] Biernacki also asserts that the District Court—in its April 8, 2014 order denying Biernacki's motion to reconsider its grant of summary judgment—misstated the testimony of her expert, Dr. Jerry Bush. It is clear from the context, however, that the District Court meant to attribute the complained-of passage to the Government's expert, Dr. John Sellick, not to Dr. Bush. This typographical error—substituting Dr. Bush for Dr. Sellick—does not change our conclusion that the District Court was correct in granting summary judgment to the United States.

## CONCLUSION

We have considered all of the arguments raised by Biernacki on appeal and find them to be without merit. For the reasons stated above, the March 7, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court